DRINKER BIDDLE & REATH LLP
Mark D. Sheridan
Jeffrey M. Beyer
500 Campus Drive
Florham Park, New Jersey 07392-1047
Phone: (973) 549-7000
*Attorneys for Intervening Plaintiff*
*The Insurance Company of the State of Pennsylvania*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

STATE NATIONAL INSURANCE COMPANY,

   Plaintiff and
   Counterclaim-Defendant,

  v.

THE COUNTY OF CAMDEN,

   Defendant and
   Counterclaim-Plaintiff.

THE COUNTY OF CAMDEN,

   Third-Party Plaintiff and
   Third-Party Counterclaim
   Defendant,

  v.

SCIBAL ASSOCIATES, INC.,

   Third-Party Defendant
   and Third-Party
   Counterclaim-Plaintiff.

SCIBAL ASSOCIATES, INC.,

   Fourth-Party Plaintiff,

  v.

No.  08-CV-05128 (NLH-AMD)

DONNA WHITSESIDE and MEADOWBROOK
INSURANCE GROUP,

                Fourth-Party Defendants.

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

                Intervening Plaintiff,

        v.

STATE NATIONAL INSURANCE COMPANY,

                Plaintiff,

THE COUNTY OF CAMDEN, SCIBAL
ASSOCIATES, INC. and DONNA
WHITESIDE,

                Defendants.

## FIRST AMENDED COMPLAINT OF
## THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

      Intervening Plaintiff The Insurance Company of the State of Pennsylvania ("ISCOP"), by

and through its undersigned counsel, herein sues the County of Camden, Scibal Associates, Inc.

("Scibal"), Donna Whiteside, and State National Insurance Company ("State National") for the

relief requested herein, and herein alleges and states as follows:

### THE PARTIES

      1.     Intervening Plaintiff ICSOP is a corporation organized under the laws of the State

of Pennsylvania, with a principal place of business located in New York, New York.

      2.     Defendant County of Camden is a governmental entity existing under the laws of

the State of New Jersey.

3.    Defendant Scibal is a corporation organized under the laws of the State of New Jersey, with its principal place of business located in Somers Point, New Jersey.

4.    Upon information and belief, Defendant Donna Whiteside, an attorney at law of the State of New Jersey and an Assistant County Counsel for the County of Camden, is a resident of the State of New Jersey.

5.    Plaintiff State National is a corporation organized under the laws of the State of Texas, with its principal place of business located in Forth Worth, Texas.

## JURISDICTION AND VENUE

6.    ICSOP brings this action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

7.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship among, on the one hand, ICSOP, and, on the other hand, the County of Camden, Scibal, Donna Whiteside, and State National, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2).

## BACKGROUND

9.    On or about December 23, 2004, a teenager named Nicholas Anderson was driving on Raritan Avenue in Waterford, New Jersey when he lost control of his vehicle, drove off the road, and slammed into a guardrail. Anderson sustained serious injuries as a result of the car accident, including an amputated left leg.

10.    At the time of the incident, the County of Camden, within which the accident occurred, maintained a primary policy of liability insurance with State National. The State National policy was effective from July 1, 2004 through July 1, 2005, and contained policy limits

3

of $10,000,000 per occurrence and in the aggregate, excess of a $300,000 self-insured retention
("State National Policy").

11.    ICSOP issued an excess liability insurance policy to the County of Camden, with
the same effective dates as the State National primary policy – July 1, 2004 to July 1, 2005 – and
policy limits of $5 million per occurrence and in the aggregate ("ICSOP Policy"). The State
National Policy is the policy immediately underlying the ICSOP Policy – that is, the ICSOP
Policy may be arguably implicated by any claim(s) received by State National that exhaust State
National's policy limits.

12.    The ICSOP Policy contains, among other provisions, the following relevant
provisions:

### III.    Conditions

...

C.    Defense

> We will not be obligated to assume charge of the investigation, settlement
> or defense of any claim made, suit brought or proceeding instituted against
> the Insured. We will, however, have the right and shall be given the
> opportunity to participate in the defense and trial of any claims, suits or
> proceedings relative to any accident or occurrence which, in our opinion,
> may create liability on our part under the terms of this policy. If we
> exercise such right, we will do so at our own expense.

D.    Notification of Accidents or Occurrences

> You must see to it that we are notified as soon as practicable of any
> accident or occurrence which may result in any claim or suit under this
> policy.

13.    On information and belief, the County of Camden and Scibal – the County's
claims administrator – had notice regarding the Anderson accident shortly after it occurred on or
about December 23, 2004.

4

14.     Scibal was party to a Professional Services Agreement with the County of Camden, pursuant to which Scibal was obligated to perform various services for the County, including but not limited to reporting general liability claims against the County to the County's insurance carriers, in accordance with these insurance carriers' reporting requirements.

15.     State National received notice regarding the Anderson accident on or about June 14, 2005, when Scibal, on the County's behalf, informed State National that it had received a tort claim notice related to the accident.

16.     Although the County of Camden and Scibal had notice of the accident in December, 2004, and State National had notice of the accident in June, 2005, neither the County of Camden, Scibal, nor State National contemporaneously provided ICSOP with notice regarding the accident.  In fact, ICSOP did not receive notice regarding Anderson's accident until December 4, 2008.

17.     Approximately two years following the accident, on or about December 20, 2006, Anderson filed suit in New Jersey state superior court against the County of Camden in connection with the accident.  Anderson's suit is captioned <u>Nicholas M. Anderson and Patricia A. Anderson v. County of Camden et al.</u>, No. L-8247-06 (N.J. Super. Ct. Camden County) (the "Anderson Lawsuit").  On information and belief, Scibal, as well as the County of Camden, were aware of the pendency of the Anderson Lawsuit shortly after it was filed, on December 20, 2006.

18.     On information and belief, Scibal, on behalf of the County of Camden, first notified representatives of State National, the County's primary carrier, regarding the pendency of the Anderson Lawsuit on or about August 4, 2008 – approximately six weeks prior to the scheduled trial date.

5

19.    Although the County of Camden and Scibal had notice regarding the Anderson Lawsuit in December 2006, and State National had notice regarding the Anderson Lawsuit no later August 4, 2008, neither the County of Camden, Scibal, nor State National contemporaneously provided ICSOP with notice regarding the pendency of the Anderson Lawsuit. In fact, ICSOP did not receive notice regarding the Anderson Lawsuit until December 4, 2008 - approximately six weeks after the jury trial had concluded and a verdict in excess of $31 million had been entered against the County of Camden.

20.    Following receipt of notice in early August 2008 regarding the pending trial, State National had the opportunity to participate in settlement discussions in connection with the Anderson Lawsuit, and on information and belief had the opportunity, prior to the jury's verdict, to settle the case for an amount within its $10 million policy limits.

21.    No later than August 28, 2008, the County of Camden, Scibal, and State National were aware of deposition testimony from Anderson's economics expert, which estimated the total economic impact of the accident on Anderson's life   not including pain and suffering – as between $9.1 and $9.8 million. Indeed, well prior to the commencement of trial, the County of Camden, Scibal and State National each had notice that the value of the claim exceeded $10.3 million.

22.    Thus, prior to the verdict in the Anderson Lawsuit, State National failed to act in good faith by apparently rejecting the possibility of an adverse verdict against the County of Camden in excess of State National's policy limits of $10 million, and failing to apprise ICSOP of such possibility, or of the existence of the Anderson claim at all. A reasonable insurer in State National's position would have reasonably anticipated that, given all of the circumstances, the

range of possible verdicts included the possibility of an adverse verdict against the County of Camden in excess of $10 million.

23. Although on information and belief State National had the ability and opportunity to settle the Anderson Lawsuit within its $10 million policy limits prior to the jury's verdict, State National, failing to act in good faith, declined to do so.

24. The Anderson Lawsuit was tried before a jury in beginning on or about October 8, 2008. The County of Camden did not retain outside counsel to defend it in connection with the Anderson Lawsuit; rather, Donna Whiteside, an assistant County counsel, was designated to handle the County's defense. Ms. Whiteside's handling of the pre-trial discovery process, as well as the actual trial itself, was seriously deficient, and directly and proximately contributed to the substantial jury verdict against the County.

25. Among other failures, Ms. Whiteside failed to submit any defense expert reports prior to the deadline for doing so, thus precluding the County from presenting any expert testimony on the County's behalf at trial; failed to adequately investigate the circumstances of Anderson's accident; failed to even depose at least one of the plaintiff's experts; failed to move for summary judgment; and failed to argue various affirmative defenses and immunities on behalf of the County. Ms. Whiteside's conduct of the County's defense fell short of the minimum standard of competence governing the attorney profession in the State of New Jersey.

26. At the conclusion of the trial, the jury returned a verdict against the County of Camden and in favor of Anderson of approximately $31 million.

27. On December 4, 2008 – approximately six weeks after the conclusion of the trial and rendering of the verdict in the Anderson Lawsuit – ICSOP was first notified by its insured, the County of Camden, and its agent, Scibal, regarding the Anderson accident and the Anderson

Lawsuit. To date, ICSOP has never received any notice from State National regarding either the Anderson accident or the Anderson Lawsuit.

28.     ICSOP was also advised, for the first time, on December 4, 2008 regarding the instant action before the U.S. District Court for the District of New Jersey.

29.     On December 11, 2008, ICSOP advised the County of Camden that it was reserving all of its rights with respect to the County of Camden's tender of the Anderson Lawsuit to ICSOP.

30.     On January 16, 2009, the verdict against the County of Camden was remitted to $16,021,424.30. On February 20, 2009, upon further consideration of the trial court, the amount of the remitted verdict against the County of Camden was modified, to $19,374,424.30.

## COUNT I
### (Declaratory Judgment as to County of Camden)

31.     ICSOP repeats and realleges each and every allegation contained within Paragraphs 1 through 30 of the Intervening Complaint as if fully set forth herein.

32.     An actual controversy exists between ICSOP and the County of Camden concerning whether, and to what extent, ICSOP owes insurance coverage to the County of Camden under the ICSOP Policy in connection with the Anderson Lawsuit.

33.     The County of Camden breached the notice provision of the ICSOP policy by failing to advise ICSOP of either the accident or the Lawsuit until after the trial was concluded and the adverse verdict entered against the County of Camden. By failing to comply with the notice provision of the ICSOP Policy, the County of Camden deprived ICSOP of its contractual right to be given the opportunity to participate in the defense and trial of any suit which might create liability on the part of ICSOP under the terms of the ICSOP Policy. As a result, ICSOP was appreciably prejudiced.

8

34.    Therefore, ICSOP is entitled to a declaration that it has no coverage obligation under the ICSOP Policy to the County of Camden in connection with the Anderson Lawsuit.

## COUNT II
### (Indemnification and Contribution as to Scibal)

35.    ICSOP repeats and realleges each and every allegation contained within Paragraphs 1 through 34 of the Intervening Complaint as if fully set forth herein.

36.    An actual controversy exists between ICSOP and Scibal (which, at all relevant times, was an agent of the County of Camden) concerning whether Scibal's failure to comply with the notice provision of the ICSOP Policy, as well as its breach of its duty of good faith and fair dealing owed to ICSOP, entitles ICSOP to indemnification and contribution from Scibal in connection with any obligation ICSOP is found to have to the County of Camden in connection with the Anderson Lawsuit under the ICSOP Policy.

37.    Scibal breached the notice provision of the ICSOP Policy by failing, on behalf of the insured County of Camden, to advise ICSOP at any time of either the accident or the Anderson Lawsuit that resulted in an adverse verdict being entered against the County of Camden. By failing to comply with the notice provision of the ICSOP Policy, Scibal, as the agent of the County of Camden, deprived ICSOP of its contractual right to be given the opportunity to participate in the defense and trial of any suit which might create liability on the part of ICSOP under the terms of the ICSOP Policy. As a result, ICSOP was appreciably prejudiced. Scibal also breached the duty of good faith and fair dealing owed to ICSOP by failing to properly discharge its duty to report general liability claims against the County to the County's insurance carriers, including ICSOP, in accordance with the carriers' reporting requirements.

9

38.    ICSOP is entitled to a declaration that, to the extent ICSOP is found to have any coverage obligations to the County of Camden under the ICSOP Policy, which obligations ICSOP denies, ICSOP should be completely indemnified by, and receive total contribution from, Scibal in connection with any such obligations.

## COUNT III
### (Indemnification and Contribution as to Donna Whiteside)

39.    ICSOP repeats and realleges each and every allegation contained within Paragraphs 1 through 38 of the Intervening Complaint as if fully set forth herein.

40.    An actual controversy exists between ICSOP and Donna Whiteside concerning whether Ms. Whiteside's acts of negligence and breaches of the minimum standard of competence governing the attorney profession in the State of New Jersey in her conduct of the defense of the County in the Anderson Lawsuit entitles ICSOP to indemnification and contribution from Ms. Whiteside in connection with any obligation ICSOP is found to have to the County of Camden in connection with the Anderson Lawsuit under the ICSOP Policy.

41.    Donna Whiteside was negligent in her conduct of the defense of the County in the Anderson Lawsuit in numerous respects. Among the numerous deficiencies in her conduct of the County's defense of the Anderson Lawsuit, Ms. Whiteside (1) failed to submit any defense expert reports prior to the deadline for doing so, thus precluding the County from presenting any expert testimony on the County's behalf at trial; (2) failed to adequately investigate the circumstances of Anderson's accident; (3) failed to even depose at least one of the plaintiff's experts; (4) failed to move for summary judgment; and (5) failed to argue various affirmative defenses and immunities on behalf of the County. Ms. Whiteside's conduct of the County's defense fell short of the minimum standard of competence governing the attorney profession in the State of New Jersey.

42.    Donna Whiteside's actions in connection with the County's defense, which fell below the minimum standard of competence governing the attorney profession in the State of New Jersey, were a substantial, direct and proximate cause of the unprecedented $31 million verdict rendered against the County.

43.    The burdens of Donna Whiteside's failure to competently represent the County cannot and should not be placed on ICSOP, an excess insurer of the County – particularly where ICSOP was deprived of its contractual right to be given the opportunity to investigate and/or participate in the defense or settlement of the Anderson Lawsuit – as this would allow Ms. Whiteside to escape the consequences of her negligence.

44.    ICSOP is entitled to a declaration that, to the extent ICSOP is found to have any coverage obligations to the County of Camden under the ICSOP Policy, which obligations ICSOP denies, ICSOP should be completely indemnified by, and receive total contribution from, Donna Whiteside in connection with any such obligations.

**WHEREFORE**, ICSOP respectfully requests that the Court enter a declaratory judgment holding that:

(a)    As to Count I, due to the County of Camden's late notice of the Anderson Lawsuit to ICSOP, which appreciably prejudiced ICSOP, ICSOP has no coverage obligation to the County of Camden in connection with the Anderson Lawsuit under the ICSOP Policy;

(b)    As to Count II, due to Scibal's late notice of the Anderson Lawsuit to ICSOP, as well as Scibal's breaches of its duty of good faith and fair dealing owed to ICSOP, each of which appreciably prejudiced ICSOP, ICSOP is entitled to

complete indemnification and contribution from Scibal in connection with the Anderson Lawsuit; and

(c)     As to Count III, due to Donna Whiteside's negligence and her conduct in the defense of the County in the Anderson Lawsuit that fell below the minimum standard of competence governing the attorney profession in the State of New Jersey, ICSOP is entitled to complete indemnification and contribution from Donna Whiteside in connection with the Anderson Lawsuit.

## CROSS-CLAIM AGAINST STATE NATIONAL

Intervening Plaintiff ICSOP, by way of Cross-claim against Plaintiff State National Insurance Company ("State National"), alleges and states as follows:

## PARTIES

45.     Intervening Plaintiff ICSOP is a corporation organized under the laws of the State of Pennsylvania, with a principal place of business located in New York, New York.

46.     Plaintiff State National is a corporation organized under the laws of the State of Texas, with its principal place of business located in Forth Worth, Texas.

## COUNT I
### (Indemnification and Contribution as to State National)

47.     ICSOP repeats and realleges each and every allegation contained within Paragraphs 1 through 46 of the Intervening Complaint as if fully set forth herein.

48.     An actual controversy exists between ICSOP and State National concerning whether State National's breaches of its duty of good faith and fair dealing owed to ISCOP entitles ICSOP to indemnification and contribution from State National in connection with any obligation ICSOP is found to have to the County of Camden in connection with the Anderson Lawsuit under the ICSOP Policy.

49.    State National breached its duty of good faith and fair dealing owed to ICSOP by: (1) failing to act properly in discharging its defense obligations to the County of Camden; (2) failing to act properly in disclosing and apprising ICSOP of events which were likely to affect ICSOP's coverage obligations; and (3) failing to properly discharge its duty to settle the Anderson Lawsuit for an amount within State National's policy limits, despite having ample opportunity to do so.

50.    Because of State National's bad faith dealings with ICSOP, in the event this Court finds coverage for the County of Camden under the ICSOP Policy, State National is obligated to indemnify ICSOP for the entire amount of the Anderson Lawsuit verdict   including the amount in excess of the State National policy limit – rather than merely the State National policy limits of $10 million.

51.    ICSOP is entitled to a declaration that, to the extent ICSOP is found to have any coverage obligations to the County of Camden under the ICSOP Policy, which obligations ICSOP denies, ICSOP should be completely indemnified by, and receive total contribution from, State National in connection with any such obligations.

**WHEREFORE**, ICSOP respectfully requests that the Court enter a declaratory judgment holding that, as to Count 1 of ICSOP's cross-claim against State National, due to State National's breach of its duty of good faith and fair dealing owed to ICSOP, which appreciably prejudiced ICSOP, ICSOP is entitled to complete indemnification and contribution from State National in connection with the Anderson Lawsuit.

13

Dated:   August 14, 2009                    Respectfully submitted,

                                            DRINKER BIDDLE & REATH LLP

                                    By:     _____
                                            Mark D. Sheridan
                                            Jeffrey M. Beyer
                                            500 Campus Drive
                                            Florham Park, New Jersey  07392-1047
                                            (973) 549-7000
                                            *Attorneys for Intervening Plaintiff*
                                            *The Insurance Company of the State of*
                                            *Pennsylvania*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except that this matter concerns whether the County of Camden is entitled to insurance coverage under certain excess liability insurance contracts in connection with an underlying lawsuit captioned Nicholas M. Anderson and Patricia A. Anderson v. County of Camden et al., No. L-8247-06 (N.J. Super. Ct. Camden County) (the "Anderson Lawsuit"), which lawsuit is now on appeal before the New Jersey Superior Court, Appellate Division.

Dated:  August 14, 2009

DRINKER BIDDLE & REATH LLP
*Attorneys for Intervening Plaintiff*
*The Insurance Company of the State of*
*Pennsylvania*

By: _____
Mark D. Sheridan