IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br>    Plaintiff,<br>     v.<br><br>THE COUNTY OF CAMDEN and ASSISTANT COUNTY COUNSEL DONNA WHITESIDE,<br>    Defendants.<br><br>THE COUNTY OF CAMDEN,<br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>     v.<br><br>STATE NATIONAL INSURANCE COMPANY,<br>    Counterclaim-Defendant<br><br>    and<br><br>NICHOLAS M. ANDERSON,<br>    Third-Party Defendant,<br><br>    and<br><br>SCIBAL ASSOCIATES, INC.,<br>    Third-Party Defendant and<br>    Third-Party Counterclaimant.<br><br>SCIBAL ASSOCIATES, INC.,<br>    Fourth-Party Plaintiff,<br><br>     v.<br>DONNA WHITESIDE and MEADOWBROOK INSURANCE GROUP,<br>    Fourth-Party Defendants.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Intervening Plaintiff,<br><br>     v.<br><br>THE COUNTY OF CAMDEN, DONNA WHITESIDE and SCIBAL ASSOCIATES,<br>    Defendants. | CIV. NO. 08-5128(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

PETER E. MUELLER
HARWOOD LLOYD, LLC
130 MAIN STREET
HACKENSACK, NJ 07601

WALTER J. ANDREWS
MICHAEL S. LEVINE
ROCKLAN W. KING III
HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102

    On behalf of State National Insurance Company and Meadowbrook
    Insurance Group

WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108

    On behalf of the County of Camden

ALAN J. BARATZ
JOSEPH T. DALY
WEINER LESNIAK
629 PARSIPPANY ROAD
POST OFFICE BOX 438
PARSIPPANY , NJ 07054-0438

    On behalf of Scibal Associates, Inc.

MICHAEL J. CANNING
CATHERINE JEAN BICK
MATTHEW NICHOLAS FIOROVANTI
GIORDANO HALLERAN & CIESLA, PC
125 HALF MILE ROAD
PO BOX 190
MIDDLETOWN, NJ 07748

    On behalf of Donna Whiteside

JEFFREY MATTHEW BEYER

```
MARK D. SHERIDAN
DRINKER BIDDLE & REATH LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932-1047
```

On behalf of The Insurance Company of the State of Pennsylvania

**HILLMAN**, District Judge

This case concerns the determination of which entity or person is liable to pay for a multi-million dollar state court jury verdict in favor of a plaintiff, Nicholas Anderson, who sued the County of Camden, New Jersey for injuries he sustained when he drove off the road and into a guardrail owned and maintained by the County. Presently before the Court is the motion of State National Insurance Company to reconsider the Court's March 17, 2010 Opinion that dismissed State National's claims against County in-house counsel Donna Whiteside.[1] For the reasons expressed below, State National's motion will be denied.

## BACKGROUND

State National Insurance Company ("State National") filed a declaratory judgment action in this Court against the County, seeking a declaration that it does not owe coverage to the County for the Anderson lawsuit under an excess liability insurance

---

[1] The Insurance Company of the State of Pennsylvania ("ICSOP") filed an intervening third-party complaint against State National, the County, Whiteside, and Scibal Associates. In the March 17, 2010 Opinion, the Court also dismissed ICSOP's claims against Whiteside, and ICSOP has not moved for reconsideration.

contract. State National contends that the County's delay in notifying it of the lawsuit, its repeated representation that the case was within the County's $300,000 self-insured retention, its errors in investigating and defending the case, and its revaluation of the case four days into trial, breached the insurance contract's notice provision and the adequate investigation and defense condition to coverage. In its amended complaint, State National also contends, *inter alia*, that Donna Whiteside, in-house counsel for the County who handled the Anderson case, committed legal malpractice by not properly defending the County and State National's interests.

After the filing of State National's amended complaint, Whiteside filed a motion to dismiss State National's claims against her, arguing that even if all of State National's claims against her are true, State National cannot prove any damages attributable to her. This Court agreed, and found that no matter what Whiteside did, her conduct cannot be held to be the proximate cause of any of State National's alleged damages. State National has moved for reconsideration of that decision, arguing that the Court only considered direct damages, but failed to consider its claim for consequential damages, which consist of its attorneys' fees and costs in prosecuting its case against the County and Whiteside.

**DISCUSSION**

**A.    Motion to Dismiss Standard**

Local Civil Rule 7.1(I) governs a motion for reconsideration. It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Id.  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v.

5

Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**B.   Analysis**

As mentioned above, State National contends that in the Opinion dismissing its claims against Whiteside, the Court failed to consider State National's claim for consequential damages.  In addition to its claim that Whiteside should be responsible for paying the Anderson verdict because of her legal malpractice, State National claims that Whiteside should be responsible for paying the legal fees and costs in defending against the County's claim for coverage, as well as legal fees and costs in pursuing its legal malpractice claim against Whiteside.  In other words, State National contends that but for Whiteside's negligence, it never would have incurred these fees and costs, and therefore she must be responsible for them, regardless of the outcome of the breach of contract claims between it and the County.

In its motion for reconsideration, State National argues that even though the Court found that Whiteside cannot be the cause of any damages to State National under the insurance policy, the Court did not address whether Whiteside can nonetheless be liable for State National's attorneys' fees and costs in prosecuting the matter against her and the County.

6

It is true that the Court did not specifically state that Whiteside cannot be found to be the proximate cause of State National's consequential damages. It was not necessary to do so, however, because the Court's finding that Whiteside cannot be the cause of *any* damages to State National subsumes the subset category of consequential damages.

In the March 17, 2010 Opinion, the Court presented two rationales for why Whiteside cannot be liable for any of State National's damages. The first was that State National could not maintain a separate and independent cause of action against Whiteside because the County and Whiteside are one-in-the-same, and State National had a contract with the County. The Court explained:

> If it is found that the County, by and through its lawyer employee, breached the insurance contract with State National and ICSOP, the insurers will not be required to pay under the policy. Despite any alleged malpractice by Whiteside that the insurers wish she atone for, it is the County, and not State National or ICSOP, that has to pay for that negligence. The County accepted this potential outcome by conducting its own defense. Conversely, if it is found that the County, by and through its lawyer employee, did not breach the insurance contract, then there cannot be any malpractice upon which State National and ICSOP can base a declination of coverage. . . . Whatever Whiteside's conduct, that is for the County to bear as her employer.

(Op. at 11.) Thus, based on this analysis, even if State National's claim for damages in the form of attorneys' fees and costs was valid, it would lie against the County, and not

7

Whiteside.[2]

State National points out that because it only has maintained a cause of action for breach of contract against the County, it cannot recover from the County the consequential damages arising out of the County's negligence (through Whiteside). That result is due to the long-standing American Rule, which prohibits recovery of counsel fees by the prevailing party against the losing party. In re Estate of Vayda, 875 A.2d 925, 928 (N.J. 2005). Although that may seem unfair to State National, the "purposes behind the American Rule are threefold: (1) unrestricted access to the courts for all persons; (2) ensuring equity by not penalizing persons for exercising their right to litigate a dispute, even if they should lose; and (3) administrative convenience." Id. (citation omitted).

Accordingly, although State National will have to bear its attorneys' fees and costs in prosecuting its declaratory breach of contract action against the County even if it is determined that it does not have to pay out under the insurance policy because the

---

[2]The Court also found that regardless of the singular identity of Whiteside and the County, Whiteside could not be the proximate cause of State National's damages. With regard to State National's legal malpractice claim, even if State National could maintain such a claim, "[w]here a malpractice claim is dismissed for failure to establish that the attorney's representation was a proximate cause of injury to the client, there are no consequential damages." Middlebrooks & Shapiro, P.C. v. Bonanno, 2010 WL 668740, *9 (N.J. Super. Ct. App. Div. Feb. 25, 2010) (citations omitted). Thus, this serves an additional reason for why consequential damages are unavailable to State National.

County--through Whiteside--was negligent, so will the County on its counter beach of contract claim even if it turns out that it, through Whiteside, was not negligent and State National must pay under the insurance policy.[3]  That is the effect of the American Rule.  Only the New Jersey Supreme Court has the authority to establish exceptions to it, Middlebrooks & Shapiro, P.C. v. Bonanno, 2010 WL 668740, *10 (N.J. Super. App. Div. Feb. 25, 2010) (citation omitted), and this case is not one of them.

Try as it might, State National cannot separate the County and Whiteside into two distinct and independent defendants.  As explained in the Court's Opinion, "The problem is that the County, as a non-person entity, obviously cannot act--its actions are those of its employees.  In other words, when the insurers contend that the County breached its obligations under the insurance policy, it was Whiteside, and perhaps other County employees, who perpetrated that alleged breach.  It is the County--through Whiteside--that allegedly failed to conduct an adequate investigation or provide a proper defense.  Because the County and Whiteside are one-in-the-same, and the insurers had a contract with the County, they cannot maintain separate and independent causes of action against

---

[3] As an aside, regardless of Whiteside's alleged conduct in defending the Anderson lawsuit, State National claims that the County breached the notice requirements under the insurance policy.  Thus, even with Whiteside out of the picture, State National may still pursue its breach of contract claim against the County, and, accordingly, be responsible for its own attorneys' fees and costs.

9

Whiteside."[4]  (Op. at 12.)  Thus, although there is a narrow exception to the American Rule for attorney malpractice claims brought against an attorney by a former client, see Saffer v. Willoughby, 670 A.2d 527 (N.J. 1996), because State National cannot maintain this type of claim against Whiteside, that exception does not apply.

The holding of the Court's March 17, 2010 Opinion is sound, in that the decision subsumed State National's claim for consequential damages.  Although the Court has further elaborated on the issue here, in making its initial determination, the Court did consider State National's argument concerning consequential damages.

---

[4]The Court further explained,

> The singular identity of the County and its employee Whiteside has long been supported by New Jersey law. Under the doctrine of *respondeat superior*, an employer is liable for the torts of one of its employees when the employee was acting within the scope of his or her employment. Di Cosala v. Kay, 450 A.2d 508, 513 (N.J. 1982) (citations omitted).  Further, the "decided weight of authority is that where employer and employee are joined as parties defendant in an action for injuries allegedly occasioned solely by the negligence or misfeasance of the employee, a verdict which exonerates the employee from liability requires also the exoneration of the employer." Kelley v. Curtiss, 108 A.2d 431, 434 (N.J. 1954) (citations omitted). This "rule is founded upon considerations of fundamental fairness that, if the employee is not to be held responsible for his wrongdoing, the employer whose liability is asserted solely upon the basis of imputed responsibility for his employee's wrong cannot in fairness and justice be required to respond in damages for it." Id.

(Op. at 13-14.)

10

Indeed, the Court recognized State National's consequential damages claim (Op. at 10), and noted, "All three parties have presented extensive arguments on various legal principles--some complex and others arcane--as to why or why not Whiteside should be left holding the proverbial bag," (Op. at 11).  Ultimately, the Court found the issue to be "rather simple: no matter what Whiteside did, her conduct cannot be held to be the proximate cause of State National's . . . alleged damages."  (Op. at 11.)  Those alleged damages included State National's claims for attorneys' fees and costs.  Accordingly, State National's argument that the Court failed to consider its claim for consequential damages is without merit, and the claim is otherwise substantively unavailing.

## **CONCLUSION**

For the foregoing reasons, the Court will deny State National's motion for reconsideration.  An appropriate Order will be entered.


Date: June 25, 2010                              s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.