IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br>    Plaintiff,<br>     v.<br><br>THE COUNTY OF CAMDEN,<br>    Defendants.<br><br>THE COUNTY OF CAMDEN,<br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>    v.<br><br>STATE NATIONAL INSURANCE COMPANY,<br>    Counterclaim-Defendant<br><br>    and<br><br>NICHOLAS M. ANDERSON,<br>    Third-Party Defendant,<br><br>    and<br><br>SCIBAL ASSOCIATES, INC.,<br>    Third-Party Defendant and<br>    Third-Party Counterclaimant.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Intervening Plaintiff,<br><br>    v.<br><br>THE COUNTY OF CAMDEN and SCIBAL ASSOCIATES,<br>    Defendants. | CIV. NO. 08-5128(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

PETER E. MUELLER
HARWOOD LLOYD, LLC
130 MAIN STREET
HACKENSACK, NJ 07601

```
WALTER J. ANDREWS
MICHAEL S. LEVINE
ROCKLAN W. KING III
HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102
```

> On behalf of State National Insurance Company and Meadowbrook Insurance Group

```
WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108
```

> On behalf of the County of Camden

**HILLMAN**, District Judge

This case concerns the determination of which entity or person is liable to pay for a multi-million dollar state court jury verdict in favor of a plaintiff who sued the County of Camden, New Jersey for injuries he sustained when he drove off the road and into a guardrail owned and maintained by the County. Presently before the Court is State National Insurance Company's appeal of the March 26, 2010 Order entered by the Honorable Ann Marie Donio, U.S.M.J., which granted a motion by the County of Camden to compel the second deposition of two non-party witnesses. Specifically on appeal is Judge Donio's decision to order the depositions held in New Jersey, rather than in Massachusetts or New Hampshire where these deponents reside and work. Upon first consideration of State National's motion, the Court questioned

whether State National possessed the requisite standing to challenge the location of the non-party witness deposition location, and, consequently, whether it had standing to file an appeal. The Court ordered the parties to submit supplemental briefing on the standing issue, which the Court has now considered. For the reasons expressed below, while we have doubts about the legal sufficiency of the Order below, State National's motion will be dismissed because it lacks standing to contest the Order. While we will dismiss the appeal, the Magistrate Judge may consider on remand whether State National was the proper subject of the original order.

## DISCUSSION

### A.   Standard for Appeal of Magistrate Judge Order

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). A district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988) (citation omitted). "A district

judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).[1]

**B.  Analysis**

State National appeals Judge Donio's order mandating that two non-party witnesses, Larry Alexander and Paul Meleedy, come to New Jersey from Massachusetts and New Hampshire, where they work and reside, respectively, to be re-deposed by the County.[2] Previously, in July 2009, Judge Donio determined that these individuals were afforded the protections of Fed. R. Civ. P. 45(c)(3)(ii), which

---

[1] Local Civil Rule 72.1(c) of the District of New Jersey governs a party's appeal of a Magistrate Judge's determination of a non-dispositive matter. Local Rule 72.1(c) provides that a party "may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order." L. Civ. R. 72.1(c). Previously, the Local Rule provided for 10 days, but was amended to 14 days as of March 1, 2010. State National timely filed its appeal according to the current Local Rule.

[2] State National does not challenge Judge Donio's decision to allow the second deposition of these two parties.

"requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." She found that Alexander and Meleedy were not employed, did not reside, and did not regularly transact business in person within 100 miles of New Jersey, and therefore their depositions must be held where they reside or work. Accordingly, the depositions of Alexander and Meleedy were held in September 2009 in Massachusetts.

On March 26, 2010, when considering the County's motion to compel the second deposition of these two witnesses, Judge Donio altered her position on the proper location where these subsequent depositions were to occur. It had come to light that a memorandum Alexander and Meleedy used to prepare for their first depositions was not produced prior to those depositions. Judge Donio determined that the County should be afforded the opportunity to question Alexander and Meleedy on this memorandum: "The failure of State National to have timely produced this document has necessitated a second deposition of these witnesses." (July 2, 2009 Tr. at 12.) In revisiting the issue of location, Judge Donio found, "Under the circumstances, the Court, in its discretion, will require the witnesses to travel to New Jersey to be re-deposed." (Id.) Judge Donio denied, however, the County's request that State National incur the expense for the second depositions, because "we flex expenses of the attorney's time or the attorney travel time,"

5

and the "County would have spent time questioning Mr. Alexander and Mr. Meleedy about issues raised by the memorandum had the documents been produced in advance of the depositions.  And it therefore does not appear that the County will incur additional expense that it would have otherwise incurred, had the document been produced at an earlier time."  (Id.)

State National challenges Judge Donio's determination that she had discretion to order these depositions to be held in New Jersey. Judge Donio relied upon Generale Bank Nederland N.V. v. First Sterling Bank, 1997 WL 778861, *2 (E.D. Pa. Dec. 18, 1997), which stated that a court has "considerable discretion in determining the place of a deposition."  State National argues that although that proposition is true generally, it is inapplicable with regard to Rule 45(c)(3)(ii) witnesses.  Further, State National points out that even though the court in Generale Bank acknowledged a court's discretion in setting depositions, that court abided by the strict structures of Rule 45(c)(3)(ii), and quashed a subpoena for non-party, non-officer witnesses who did not reside, work, or travel on business within 100 miles of the location of the deposition.  See Generale Bank, 1997 WL 778861 at *2.

This Court agrees with State National's reading of Generale Bank, and the view that a court's discretion regarding the location of depositions is generally vast, but for the specific category of people protected under Rule 45(c)(3).  In its comment regarding a

6

court's "considerable discretion," the court in <u>Generale Bank</u> cited to C. Wright & A. Miller, Federal Practice & Procedure § 2112 (1970), which states, "The court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." This provision from Wright & Miller does not concern Rule 45(c)(3)(ii) depositions, however. Instead, it is included in the section discussing Rule 30, which concerns the general rules regarding oral depositions. More appropriate to the discrete issue here concerning a Rule 45(c)(3)(ii) deposition is Wright & Miller § 2460, which specifically discusses that provision. Within that discussion, Wright & Miller cites to numerous cases throughout the country that support the strict reading of Rule 45(c)(3)(ii). Those cases make it clear that a court must quash any subpoena that calls for a deposition beyond the 100 mile limit for non-party witness. Indeed, no other result is available as the rule itself requires such action by the court if a motion to quash is filed. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena [that does not comply with the Rule].") This result is buttressed by the purpose of the rule, which is "to protect such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest." <u>In re Edelman</u>, 295 F.3d

171, 178 (2d Cir. 2002).[3]

In this case, although it seems undisputed that Alexander and Meleedy are non-party, non-officer witnesses who do not reside or work within 100 miles of New Jersey[4], the relationship between State National and Alexander and Meleedy, through their employer Meadowbrook Insurance Group, has confused and complicated the issue of who can challenge these Rule 45 depositions.  This is evidenced by the County's and State National's motion practice regarding discovery issues, as well as the parties' supplemental briefs discussing State National's standing.

Meadowbrook Insurance Group is the claims administrator for State National.  Fourth-party claims had been lodged against Meadowbrook by third party defendant Scibal Associates, and for those claims, Meadowbrook was represented by State National's

---

[3] A court is not completely without discretion, however, when deciding a Rule 45(c)(3)(ii) issue.  Within the confines of Rule 45(c)(3)(ii), a court still has great discretion in determining the location of the deposition, as long as that location comports with the rule.  For example, in Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1248 (9th Cir. 1981), the appellate court affirmed the district court's order requiring the deposition of a non-party witness to be held in Sweden--the deponent's domicile--rather than in California, where the case was pending. Citing to Rule 45, the court noted that a district judge has discretion to direct the place of a deposition, and found that "it was not an abuse of discretion for the district judge to protect this [non-party] witness from the burden of traveling overseas for examination." Asea, 669 F.2d at 1248.  Thus, a court can mandate any location for the Rule 45(c)(3)(ii) deposition, as long as it is within 100 miles of that person's residence, work, or place where he travels on business.

[4] But see, *infra*, note 5.

counsel.  Upon motion by Meadowbrook, those claims have been dismissed, and, thus, Meadowbrook is no longer an active party in this case.  However, due to the agency relationship between State National and Meadowbrook, and the fact that it appears that Meadowbrook possesses much of the information concerning the County's communications about the underlying Anderson litigation, the County has directed much of its discovery requests regarding those communications to State National.  In turn, State National has not appeared to object to it being the target of this discovery, although it has challenged the substance of those requests.

Neither party disputes that State National and Meadowbrook are completely different entities.  That distinction has been blurred by State National's proffer of Meadowbrook employees and documents in response to the County's discovery demands, by State National's counsel's acceptance and waiver of service regarding Meadowbrook officers, and by the County's directing of its discovery regarding Meadowbrook to State National, ostensibly because of the overlapping legal representation, as well as the nature of how Meadowbrook and State National handled the County's claim regarding the Anderson lawsuit.

The blurred line, however, does not confer party status to Meadowbrook employees Alexander and Meleedy.  It also does not give State National standing to quash any subpoenas issued to Alexander

9

and Meleedy, because State National's professed privilege in the information to which Alexander and Meleedy will testify--namely, the Alexander memorandum--has been rejected.  See Wright & Miller § 2459 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").  Concomitantly, the blurred line also does not make State National the proper party from which the County can compel Alexander and Meleedy's appearance, even though State National voluntarily, without formal service of Rule 45 subpoenas, provided these witnesses for deposition previously.

Rule 45(c)(3)(ii) is clear: a court must quash any subpoena that calls for a deposition beyond the 100 mile limit for a non-party witness, unless the subpoenaed party agrees to a different location.  For the second round of depositions, it does not appear that the County served formal subpoenas onto Alexander and Meleedy, apparently on reliance of their previous voluntary appearance.  Alexander and Meleedy chose not to appear voluntarily for their second depositions, however, and that, in turn, resulted in the County filing a motion to compel against State National.  The result of that motion caused State National to file this appeal.  Much time and expense has been spent on issues caused by this hazy interrelationship between State National and Meadowbrook.

The issues that have arisen could have been avoided if the

County served Rule 45(c)(3)(ii) subpoenas onto Alexander and Meleedy and, whether in this district or another, those subpoenas were challenged by a motion to quash filed by Alexander and Meleedy.  Of course that is not the procedural history now before the Court, and the conundrum remains that a motion to compel two non-party witnesses was lodged at an unrelated party, an order was entered against that unrelated party, and that aggrieved unrelated party has appealed.  In this posture, prohibiting that party from challenging an order issued against it, while perhaps not technically an "aggrieved" party, would appear to be inequitable.  On the other hand, allowing a party without standing to assert the rights of non-party witnesses, who are entitled to the Court's protections but are also free to waive those protections, would conflict with the proper rules of procedure.

Indeed, State National argues to this Court that if it lacks standing to contest the discovery order, this Court should nevertheless vacate the order because it never should have been directed at State National in the first place.  The problem with that argument is that State National did not contest the order on that basis before the Magistrate Judge and should not be allowed to raise it for the first time on appeal.  This is especially so when it simultaneously challenges the substance of the order here.

The procedurally correct result is to dismiss State National's appeal due to its lack of standing, but to remand in order for the

11

Magistrate Judge to allow State National to argue that the order should not apply to it in first instance. At that time, the Magistrate Judge is free to consider any other issues, including the proper application of Rule 45(c)(3)(ii).[5]

---

[5] The Court is aware of the history of the parties' discovery disputes and understands and is sympathetic to the Magistrate Judge's reasoning for mandating the New Jersey location of the Alexander and Meleedy depositions. It appears the ruling thoughtfully attempts to accommodate the County, which was disadvantaged by not having the memorandum when County counsel traveled to Massachusetts to take the first depositions of Alexander and Meleedy. Although this is an understandable position, it was State National counsel's failure to provide the memorandum to the County, and not a mistake by Alexander and Meleedy. Thus, any sanction for State National counsel's failure to produce the memorandum prior to the first depositions should be levied upon them, and not on the individual non-party witnesses. The Magistrate Judge is free to consider such sanctions on remand.

On remand the Magistrate Judge may also reconsider whether Alexander and Meleedy "regularly transact" business in person in New Jersey. Rule 45(c)(3)(A)(ii) specifies that one must be doing business "in person" in a given location in order to be compelled to attend a deposition there. While that finding has not been contested, we note that there is some indication that Alexander and Meleedy have transacted business in person in New Jersey. Cf. M'Baye v. New Jersey Sports Production, Inc., 246 F.R.D. 205, 207-208 (S.D.N.Y. 2007) (citations omitted) (finding that traveling to an area within a 100-mile radius for fourteen to eighteen days in two years is insufficient to render a person amenable to a subpoena). Whether that evidence is sufficient, whether that issue is even ripe in the absence of a subpoena from the County, and whether a court can consider that issue in this District, are all issues for the Magistrate Judge. We note that it is the burden of the party challenging the subpoena to prove he falls under the protections of Rule 45(c)(3)(ii). See In re Smirman,--- F.R.D. ---, 2010 WL 1923862, *1 (E.D. Mich. May 12, 2010) (citing Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996); Irons v. Karceski, 74 F.3d 1262, 1264 (D.C. Cir. 1995)) ("A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted.").

**CONCLUSION**

When a subpoena compelling a non-party witness to appear has been challenged, a court has discretion to determine the location of a deposition of that non-party witness only within the strict parameters of Rule 45(c)(3)(ii). In this case, however, the County did not issue any subpoenas that could be challenged by the non-party witnesses. Instead, State National, a party unrelated to the non-party witnesses, was the improper subject of a motion to compel the appearance of these non-party witnesses. While it may have standing to challenge whether the Magistrate Judge's order should have been directed at it (an issue not properly before this Court at this time), State National lacked standing below, and lacks standing here, to challenge the order compelling the depositions in New Jersey. Accordingly, the appeal will be dismissed for lack of standing and the matter remanded for consideration consistent with this Opinion.

An appropriate Order will be entered.

Date: June 30, 2010      s/ Noel L. Hillman
                         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey