**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br>    Plaintiff,<br>     v.<br><br>THE COUNTY OF CAMDEN and ASSISTANT COUNTY COUNSEL DONNA WHITESIDE,<br>    Defendants.<br><br>THE COUNTY OF CAMDEN,<br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>    v.<br><br>STATE NATIONAL INSURANCE COMPANY,<br>    Counterclaim-Defendant<br><br>   and<br><br>NICHOLAS M. ANDERSON,<br>    Third-Party Defendant,<br><br>   and<br><br>SCIBAL ASSOCIATES, INC.,<br>    Third-Party Defendant and<br>    Third-Party Counterclaimant.<br><br>SCIBAL ASSOCIATES, INC.,<br>    Fourth-Party Plaintiff,<br><br>    v.<br>DONNA WHITESIDE and MEADOWBROOK INSURANCE GROUP,<br>    Fourth-Party Defendants.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Intervening Plaintiff,<br><br>    v.<br><br>THE COUNTY OF CAMDEN, DONNA WHITESIDE and SCIBAL ASSOCIATES,<br>    Defendants. | CIV. NO. 08-5128(NLH)(AMD)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**APPEARANCES:**

PETER E. MUELLER
HARWOOD LLOYD, LLC
130 MAIN STREET
HACKENSACK, NJ 07601

WALTER J. ANDREWS
MICHAEL S. LEVINE
ROCKLAN W. KING III
HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102

    On behalf of State National Insurance Company

WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108

    On behalf of the County of Camden

ALAN J. BARATZ
JOSEPH T. DALY
WEINER LESNIAK
629 PARSIPPANY ROAD
POST OFFICE BOX 438
PARSIPPANY , NJ 07054-0438

    On behalf of Scibal Associates, Inc.

MICHAEL J. CANNING
CATHERINE JEAN BICK
MATTHEW NICHOLAS FIOROVANTI
GIORDANO HALLERAN & CIESLA, PC
125 HALF MILE ROAD
PO BOX 190
MIDDLETOWN, NJ 07748

    On behalf of Donna Whiteside

JEFFREY MATTHEW BEYER
MARK D. SHERIDAN

```
DRINKER BIDDLE & REATH LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932-1047
```

 On behalf of The Insurance Company of the State of Pennsylvania

**HILLMAN,** District Judge

 This matter having come before the Court on State National Insurance Company's motion for the entry of final judgment against Camden County in-house counsel Donna Whiteside[1]; and

 The Court having dismissed State National's claims against Ms. Whiteside, and having denied State National's motion for reconsideration on that dismissal[2]; and

 State National now moving before the Court for an entry of final judgment on the dismissal of its claims against Ms. Whiteside pursuant to Fed. R. Civ. P. 54(b), and for the certification of an interlocutory appeal to the Third Circuit Court of Appeals; and

 State National arguing that an interlocutory appeal is necessary because as the result of the Court's order dismissing Ms. Whiteside from the case, State National's claims that Ms. Whiteside

---

[1] Because the Court has already filed several opinions in the case, and those opinions have extensively discussed the procedural history of the matter, the Court need not restate the facts and history of the case here.

[2] The Insurance Company of the State of Pennsylvania ("ICSOP") filed an intervening third-party complaint against State National, the County, Whiteside, and Scibal Associates. The Court also dismissed ICSOP's claims against Whiteside, but ICSOP did not move for reconsideration, and it has not moved for the entry of final judgment so that they can file an interlocutory appeal.

committed legal malpractice may never be litigated, even in the event that it is ultimately found that State National must pay the County under its insurance policy; and

The Court noting that pursuant to Federal Rule of Civil Procedure 54(b), a court may enter summary judgment on fewer than all the claims in a multi-claim or multi-party action, and "such an entry of summary judgment is interlocutory and does not terminate the action as to the particular claim ruled upon or the particular party affected by the ruling," AT & T Credit Corp. v. Transglobal Telecom Alliance, Inc., 966 F. Supp. 299, 304 (D.N.J. 1997); and

The Court also noting that "a district court may determine that such judgment be considered a final judgment, but only 'upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment,'" id. (quoting Fed. R. Civ. P. 54(b)); and

The Court further noting that "Rule 54(b) requests are to be granted sparingly," and "[j]udicial economy is certainly best served by delaying appellate proceedings until all claims and issues are disposed of and can be reviewed in a single 'parcel,'" id. (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10 (1980); Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980)); and

The Court finding that dispositive motions for summary judgment on the ultimate issue in this case--which entity is

4

responsible for paying the underlying state court verdict against the County--are currently pending and ripe for resolution; and

The Court further finding that the issue of the adequacy of the County's defense in the underlying state court litigation is an essential element that the Court must consider in analyzing the parties' motions for summary judgment, (see, e.g., State National's Motion for Summary Judgment Concerning Adequate Defense, Docket No. 305, at 8, "State National . . . is entitled to judgment in its favor as a matter of law because the County's failures and inadequacies are so plainly obvious that any reasonable finder of fact can reach but only one conclusion--that the County's conduct in the underlying *Anderson* litigation fails to satisfy any applicable standard of care."); and

Therefore, the Court finding that because there are substantial claims still remaining in the case, and because those claims require the analysis of the adequacy of the County's defense, as performed, in part, by Ms. Whiteside, the dismissal of State National's claims against Ms. Whiteside cannot be certified for interlocutory appeal, see Gerardi v. Pelullo, 16 F.3d 1363, 1369 (3d Cir. 1994) (citing Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)) (explaining that in order for a claim to be considered final for interlocutory appeal, the court's decision on a claim must end "the litigation on the merits and leave nothing for the court to do but execute the judgment"); In re

Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Products Liability Litigation, 401 F.3d 143, 162 (3d Cir. 2005) (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 363 (3d Cir. 1975)) (explaining that Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties");

Accordingly,

**IT IS HEREBY** on this 3rd day of February, 2011

**ORDERED** that State National Insurance Company's motion for the entry of final judgment [293] is **DENIED**.


                                                   s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.