```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br>    Plaintiff,<br>     v.<br><br>THE COUNTY OF CAMDEN,<br>     Defendants.<br><br>THE COUNTY OF CAMDEN,<br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>     v.<br><br>STATE NATIONAL INSURANCE COMPANY,<br>    Counterclaim-Defendant<br><br>    and<br><br>NICHOLAS M. ANDERSON,<br>    Third-Party Defendant,<br><br>    and<br><br>SCIBAL ASSOCIATES, INC.,<br>    Third-Party Defendant and<br>    Third-Party Counterclaimant.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Intervening Plaintiff,<br><br>     v.<br><br>THE COUNTY OF CAMDEN and SCIBAL ASSOCIATES,<br>    Defendants. | CIV. NO. 08-5128(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

PETER E. MUELLER
HARWOOD LLOYD, LLC
130 MAIN STREET
HACKENSACK, NJ 07601

```
WALTER J. ANDREWS
MICHAEL S. LEVINE
ROCKLAN W. KING III
HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102
```

    On behalf of State National Insurance Company

```
WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108
```

    On behalf of the County of Camden

```
JEFFREY MATTHEW BEYER
MARK D. SHERIDAN
DRINKER BIDDLE & REATH LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932-1047
```

    On behalf of The Insurance Company of the State of
    Pennsylvania

```
ALAN J. BARATZ
JOSEPH T. DALY
WEINER LESNIAK
629 PARSIPPANY ROAD
POST OFFICE BOX 438
PARSIPPANY , NJ 07054-0438
```

    On behalf of Scibal Associates, Inc.

**HILLMAN**, District Judge

    This matter having come before the Court on the County of Camden's appeal of the June 30, 2011 Order entered by the Honorable Ann Marie Donio, U.S.M.J., that granted a motion by State National Insurance Company regarding the County's failure to preserve its

electronically stored information ("ESI") when it did not implement a "litigation hold" on the its email system after being notified about State National's lawsuit against it[1]; and

Judge Donio having found, *inter alia*, that:

(1) the County had a duty to preserve evidence in this case, but failed to implement a litigation hold in order to preserve such evidence; and

(2) the record developed to date was insufficient to permit a spoliation inference instruction; but

(3) the County's failure to institute a litigation hold, to disable its automatic email deletion program, and to preserve copies of its backup tapes, warranted the imposition of reasonable attorneys' fees and costs associated with the time incurred by State National in assessing the scope of the County's email production; and

The County arguing on appeal that the decision to sanction it was in error because there has been no spoliation; and

This Court recognizing that a United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A), and a district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to

---

[1] Because numerous Opinions have been issued in this case, and those decisions detail the underlying facts and legal issues, the Court will not restate those again here.

law," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A); and

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988) (citation omitted), and a ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law, Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998), but a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review," Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000), and the party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law, Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994); and

The County arguing that the law does not support the imposition of sanctions for its failure to implement a litigation hold when that failure did not result in any actual spoliation; but

The Court finding the County's argument to be unavailing, as follows:

When faced with a motion for spoliation sanctions for a party's failure to preserve evidence, a court must first determine

whether that party failed in its duty to preserve. <u>Kounelis v. Sherrer</u>, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("Before sanctions for spoliation can be imposed, it must be determined whether the duty to preserve evidence has been triggered."). If the court determines that the party failed to properly preserve evidence, the court must then determine whether to sanction the party for that failure. <u>Id.</u> at 519 (explaining that in order to "provide redress to the party harmed by spoliation, as well as to punish the spoliator, a court may impose appropriate sanctions pursuant to the Federal Rules of Civil Procedure and the court's inherent powers" (citation omitted)). Sanctions for spoliation include (1) dismissal of a claim or granting judgment in favor of a prejudiced party, (2) suppression of evidence, (3) an adverse inference, referred to as the spoliation inference, (4) fines, or (5) attorneys' fees and costs. <u>Id.</u> (citation omitted).

In this case, Judge Donio determined that because the County did not implement a litigation hold after State National filed its declaratory judgment action against the County, the County failed in its duty to preserve evidence. Judge Donio then determined to sanction the County for that failure--not by dismissing the claim, suppressing any evidence, or granting State National's request for an adverse inference--but instead by finding:

> In this case, when a party fails to issue a litigation
> hold despite pending litigation and does not preserve
> emails of relevant custodians in breach of its duty, the
> adversary is forced to explore whether sanctions such as

5

> an adverse inference or more drastic sanctions -
> dismissal or suppression of evidence - are warranted. To
> perform such an investigation requires the nonbreaching
> party to expend attorney time, and in some cases, expert
> fees to determine the extent and scope of the deletion or
> destruction.  If, following such an investigation, there
> is no basis to award such spoliation sanctions or, as in
> this case, a court concludes that there is a failure to
> demonstrate that an adverse inference is warranted, the
> non-breaching party still has suffered damages in the
> context of attorneys' fees and costs.  Consequently, in
> light of the failure to implement the litigation hold
> here, the Court finds that an award of reasonable
> attorneys' fees and costs incurred in connection with
> investigating the scope of the County's email deletion is
> appropriate in this case.

(June 30, 2011 Order, Docket no. 396 at 22-23 (citations omitted).)

Judge Donio then directed State National to submit an appropriate affidavit setting forth with specificity the reasonable attorneys' fees and expenses incurred, and explaining why such fees and expenses would not have been incurred but for the County's failure to preserve.  The County then would have the opportunity to respond to State National's submission.[2]  (Id.)

The County has not provided this Court with any cases that contradict the law, as set forth in Kounelis v. Sherrer, 529 F.

---

[2] As a result of the County's appeal, Judge Donio issued an order instructing State National to refrain from submitting its costs and fees affidavit until after the resolution of the appeal.  Even though the County complains in the appeal that State National's request for over $70,000 in sanctions, including $56,000 in attorneys' fees, is excessive, Judge Donio has not yet ruled on the amount of the sanctions.  This Court notes that "monetary sanctions are used to compensate a party for the time and effort it was forced to expend in an effort to obtain discovery to which it was entitled," Kounelis, 529 F. Supp. 2d at 521, and that this Court is confident that Judge Donio will fashion a fair award to State National.

Supp. 2d 503, 518 (D.N.J. 2008) and other cases, that provided Judge Donio with the ability to (1) determine that the County failed to preserve evidence, and (2) impose sanctions in the form of attorneys' fees and costs incurred by State National because of the County's failure to preserve evidence.

    Consequently,

    IT IS HEREBY on this   21st   day of March , 2012

    ORDERED that the "Appeal of Magistrate Judge Decision to District Court" by the County of Camden [399] is DENIED.


                                                      s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.