IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br>    Plaintiff,<br>    v.<br><br>THE COUNTY OF CAMDEN,<br>    Defendants.<br><br>THE COUNTY OF CAMDEN,<br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>    v.<br><br>STATE NATIONAL INSURANCE COMPANY,<br>    Counterclaim-Defendant<br><br>and<br><br>NICHOLAS M. ANDERSON,<br>    Third-Party Defendant,<br><br>and<br><br>SCIBAL ASSOCIATES, INC.,<br>    Third-Party Defendant and<br>    Third-Party Counterclaimant.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Intervening Plaintiff,<br><br>    v.<br><br>THE COUNTY OF CAMDEN and SCIBAL ASSOCIATES,<br>    Defendants. | CIV. NO. 08-5128(NLH)(AMD)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**APPEARANCES:**

PETER E. MUELLER
HARWOOD LLOYD, LLC
130 MAIN STREET
HACKENSACK, NJ 07601

```
WALTER J. ANDREWS
MICHAEL S. LEVINE
ROCKLAN W. KING III
HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102
```

    On behalf of State National Insurance Company

```
WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108
```

    On behalf of the County of Camden

```
JEFFREY MATTHEW BEYER
MARK D. SHERIDAN
DRINKER BIDDLE & REATH LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932-1047
```

    On behalf of The Insurance Company of the State of
    Pennsylvania

```
ALAN J. BARATZ
JOSEPH T. DALY
WEINER LESNIAK
629 PARSIPPANY ROAD
POST OFFICE BOX 438
PARSIPPANY , NJ 07054-0438
```

    On behalf of Scibal Associates, Inc.

**HILLMAN**, District Judge

    This matter having come before the Court on the motion of The Insurance Company of the State of Pennsylvania for reconsideration[1]

---

[1] Local Civil Rule 7.1(I) governs a motion for reconsideration.  It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business

of the Court's June 17, 2011 denial of its motion for summary judgment[2]; and

The Court having denied ICSOP's motion without prejudice because issues of material fact remained as to numerous issues; and

ICSOP arguing that in denying its motion for summary judgment the Court only considered its motion as to the County, and overlooked its alternative motion as to State National; and

ICSOP arguing that the Court should have considered--and granted--its motion as to State National, because:

> If, as State National argues, the County breached the State National policy by failing to adequately defend the Anderson Lawsuit, then neither State National or ICSOP has a duty to pay.  But, as ICSOP's motion established, if the County did *not* breach the State National policy, then State National breached its duty to settle the Anderson Lawsuit within the limit of the State National policy, and therefore, must indemnify ICSOP.

(ICSOP Brief at 7); but

---

days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

[2]Also pending is ICSOP's motion for leave to file a reply brief.  The Court has considered all papers submitted in connection with ICSOP's motion, and will therefore grant its request *nunc pro tunc*.

The Court finding that it did not overlook ICSOP's alternative basis for summary judgment as to State National; and

The Court noting that because disputed facts exist as to the County's conduct, as found in the June 17, 2011 Opinion, the Court could not then, and cannot now, issue an opinion as to whether State National must indemnify ICSOP "if" it is found that the County did not breach the State National policy, because in the event that it is found that the County did breach the State National policy, any opinion as State National's duty to ICSOP would be advisory;[3] and

---

[3]ICSOP describes its requested relief in its original summary judgment motion as one for a "declaration" as to State National's obligation to indemnify it.  With regard to claims seeking a declaratory judgment from the court, "declaratory judgments are issued before 'accomplished' injury can be established, and this *ex ante* determination of rights exists in some tension with traditional notions of ripeness."  Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990) (citation omitted).  But, because the Constitution prohibits federal courts from deciding issues in which there is no case or controversy, U.S. Const. art. III, § 2, declaratory judgments can be issued only when there is "an actual controversy," 28 U.S.C. § 2201.  Thus, the "discretionary power to determine the rights of parties before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties."  Step-Saver, 912 F.2d at 647.
    ICSOP's declaration request--when made in its original motion and in its current motion--cannot be provided when disputed facts abound as to the conduct of all the parties involved.  See id. (explaining that a Court's declaration cannot be based upon, or result in, an "if/then" contingency).  Indeed, this entire suit was filed by State National as a declaratory judgment action seeking a declaration that it does not owe coverage to the County under its insurance policy.  The Court, however, has not been able to issue such a declaration because the facts necessary to make such a declaration remain disputed.  See, e.g., Step-Saver Data Systems, Inc. v. Wyse Technology, 912

4

Moreover, the Court further noting that the basis for ICSOP's motion makes conclusions on matters of law and fact (i.e., that State National undisputedly breached its duty to make a good faith attempt to settle the Anderson Lawsuit) not yet determined by the Court, see Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990) ("Construing a contract and making law without finding the necessary facts constitutes advisory opinion writing, and that is constitutionally forbidden."); and

The Court finally noting that the scope of ICSOP's motion for reconsideration has transcended its original motion[4];

Accordingly,

**IT IS HEREBY** on this ___27th___ day of _March_, 2012

**ORDERED** that The Insurance Company of the State of Pennsylvania's motion for leave to file a reply brief [406] is **GRANTED,** and its motion for reconsideration [395] is **DENIED.**

                                              _s/ Noel L. Hillman_
                                            NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

F.2d 643, 647 (3d Cir. 1990)(discussing Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240-41 (1937), where the plaintiff insurance company asked the court to declare a disability policy null and void by reason of lapse for nonpayment of premiums, but in order to do so, the court had to first determine whether the insured actually failed to pay the premiums).

[4]ICSOP's motion for summary judgment was denied without prejudice. ICSOP may refile its motion at any appropriate time in the future consistent with this Opinion.