IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY,<br>    Plaintiff,<br>     v.<br><br>THE COUNTY OF CAMDEN,<br>     Defendants.<br><br>THE COUNTY OF CAMDEN,<br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>     v.<br><br>STATE NATIONAL INSURANCE COMPANY,<br>    Counterclaim-Defendant<br><br>    and<br><br>NICHOLAS M. ANDERSON,<br>    Third-Party Defendant,<br><br>    and<br><br>SCIBAL ASSOCIATES, INC.,<br>    Third-Party Defendant and<br>    Third-Party Counterclaimant.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Intervening Plaintiff,<br><br>     v.<br><br>THE COUNTY OF CAMDEN and SCIBAL ASSOCIATES,<br>    Defendants. | CIV. NO. 08-5128(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

ROBERT J. MORROW
HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166

WALTER J. ANDREWS
MICHAEL S. LEVINE
HUNTON & WILLIAMS LLP

```
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102
```

    On behalf of State National Insurance Company

```
WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108
```

    On behalf of the County of Camden

```
MARK D. SHERIDAN
PATTON BOGGS LLP
ONE RIVERFRONT PLAZA
NEWARK, NJ 07102
```

    On behalf of The Insurance Company of the State of Pennsylvania

```
ALAN J. BARATZ
WEINER LESNIAK
629 PARSIPPANY ROAD
POST OFFICE BOX 438
PARSIPPANY , NJ 07054-0438
```

    On behalf of Scibal Associates, Inc.

**HILLMAN**, District Judge

This matter concerns the determination of which entity is liable to pay for a multi-million dollar state court jury verdict in favor of a plaintiff who sued the County of Camden, New Jersey for injuries he sustained when he drove off the road and into a guardrail owned and maintained by the County.  Presently before the Court is the motion of Scibal Associates, Inc. for summary judgment in its favor on the claims against it lodged by the Insurance

2

Company of the State of Pennsylvania.[1]  For the reasons expressed below, Scibal's motion will be granted.

### BACKGROUND

Because numerous Opinions have been issued in this case, and those decisions detail the underlying facts and legal issues, the Court will not restate them again here, other than to briefly list the relevant pending claims, which all primarily hinge on the issue of "notice" of the state court lawsuit filed against the County:

---

[1] Also pending is the motion of State National to strike certain statements in ICSOP's brief in opposition to Scibal's motion for summary judgment.  State National argues that ICSOP's description of the State National policy as a "primary" policy instead of an "excess" policy must be stricken from the record because the Court has already found that State National acted as an "excess" insurer to the County.  The Court does not agree.
  At a hearing to address the County's motion for emergent relief to compel State National to defend the County at state court post-trial motions, the Court found in that context the "likelihood that [the State National policy] is not a primary policy, but an excess policy."  (Docket No. 61 at 34, Feb. 13, 2009.)  In making that finding, the Court, however, did not issue a final decision of law as to the nature of the State National policy.  Indeed, in the Court's December 10, 2009 Opinion, the Court noted, "State National classifies itself as an excess insurer to the County.  (See Compl. ¶ 20.)  The County classifies State National as a primary insurer.  (See Answer ¶ 20; Opp Br. at 20.)  This is an unresolved issue."  (Docket No. 194 at 10 n.5.)
  ICSOP's classification of the State National policy as "primary" in its brief in opposition to Scibal's motion for summary judgment is not relevant to the resolution of Scibal's motion, and ICSOP's view of State National's policy does not make it the law of the case.  In its briefs, ICSOP may express its point of view on an issue, even if it is ultimately unavailing. The Court does not find its characterization of the State National policy to be "immaterial, impertinent [and] scandalous matter," See Fed. R. Civ. P. 12(f), and the Court will therefore not strike it.  An appropriate Order will be entered.

3

(1) State National Insurance Company's ("State National") declaratory judgment action against the County of Camden, seeking a declaration that it does not owe coverage to the County for the state court Anderson lawsuit under an excess liability insurance contract; (2) an intervening third-party complaint against State National, the County, and Scibal, filed by the Insurance Company of the State of Pennsylvania ("ICSOP"), which also provided an insurance policy to the County, seeking, among other things, a declaration that it does not owe insurance coverage to the County; (3) the County's counterclaim against State National demanding, among other things, coverage under the insurance policy, and the County's third-party complaint against Scibal for breach of its duties as the County's claims administrator pursuant to their Professional Services Agreement ("PSA"); and (4) Scibal's counterclaim against the County.

   The current motion for summary judgment filed by Scibal seeks to resolve ICSOP's claim against it.  ICSOP contends that it does not owe coverage to the County under the ICSOP policy because the County failed to provide it with timely notice of the Anderson lawsuit as required by the policy terms.  In the event, however, that ICSOP is found to have coverage obligations to the County under the policy, ICSOP seeks a declaration that it should be indemnified by, and receive total contribution from, Scibal, because Scibal failed to notify ICSOP about the lawsuit as required

by the PSA contract between Scibal and the County.  Scibal has moved for judgment as a matter of law in its favor, arguing that ICSOP's claim against it fails because Scibal has no contractual relationship with ICSOP, and it otherwise has no duty to ICSOP to cause it to be liable for contribution or indemnification.  ICSOP counters that Scibal's motion is premature because, in denying ICSOP's motion for summary judgment in December 2009, the Court found that discovery was necessary to determine what agency relationships may have existed, what duties were created as a result, and who may be responsible for any obligations breached, and that the County's claim against ICSOP should be resolved first before ICSOP's claim against Scibal is decided.

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**B.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260

6

F.3d 228, 232 (3d Cir. 2001).

**C.   Analysis**

As set forth in prior Opinions in this matter, the basic premise of the case is this:  State National and ICSOP disclaim coverage to the County under their insurance policies because they claim the County did not properly notify them about the Anderson lawsuit.  The County disputes the insurance companies' positions about the lack of proper notice, and it demands coverage.  The County also separately claims that Scibal breached their PSA by failing to properly notify State National and ICSOP about the Anderson lawsuit.

It is Scibal's PSA with the County, and the County's breach of contract claim against Scibal, that gives rise to ICSOP's claim against Scibal.  ICSOP claims that if it is required to provide coverage to the County under their insurance policy, Scibal must ultimately pay that bill because of Scibal's failure to fulfill its obligations to the County under the PSA.  Scibal counters that the County did not inform Scibal about the existence of the ICSOP policy until after the Anderson verdict, and that it therefore cannot be held liable for any notice failure and breach of the PSA. Scibal also contends that it has no duty--sounding in contract or tort--with ICSOP that would make it liable to ICSOP.

The Court finds that for the same reasons expressed in the Court's prior Opinions dismissing Scibal's claims against

7

Meadowbrook (Docket No. 174, October 13, 2009) and Commerce (Docket No. 382, December 17, 2010), ICSOP's claim against Scibal fails as a matter of law.

Under their PSA, Scibal had certain contractual obligations to the County regarding the reporting of lawsuits filed against the County to the County's insurers.  Earlier in this case, Scibal attempted to maintain claims against other entities (Meadowbrook, which is State National's claims administrator, and Commerce, which is the broker that procured for the County the insurance policy from ICSOP) on a derivative basis for their conduct should it be found that Scibal breached the PSA (Scibal claimed that Meadowbrook negligently failed to exercise the proper degree of care in administering the State National policy after Scibal notified it of the Anderson accident in June 2005, and Scibal claimed that Commerce promised to the County that it would inform Scibal that it procured the ICSOP policy, but that Commerce failed to do so). Scibal could not maintain its claims against these entities, however, because they had no duty to Scibal to perform in a certain way--they did not have any contracts with Scibal, and they did not have any joint liability sounding in tort.  (See Docket No. 174 at 11-14, citing N.J.S.A. 2A:53A-2, -3; Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates, Inc., 2002 WL 2013925, *2 (E.D. Pa. 2002) (analyzing New Jersey law and stating that "[g]iven the rather straightforward language of the statute,

8

it is not surprising that courts dismiss contribution claims when the party against whom the claim is asserted may not, as a matter of law, be held liable as a joint tortfeasor. . . . As the term 'joint tortfeasors' and the language of the statute indicate, both the party against whom a claim for contribution is asserted as well as the party asserting the claim must be tortfeasors"); Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 159 A.2d 97, 108 (N.J. 1960) ("'A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability.'"); Docket No. 382 at 10-11, 13, citing Siddons v. Cook, 887 A.2d 689, 696 (N.J. Super. Ct. App. Div. 2005) (explaining that a negligence claim requires a plaintiff to establish a duty owed to plaintiff by defendant, a breach of that duty, and an injury caused by defendant's breach); Cherry Hill Manor Associates v. Faugno, 861 A.2d 123, 128 (N.J. 2004) (explaining that it "is well settled that the true test for joint tortfeasor contribution is joint liability and not joint, common or concurrent negligence"); Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 159 A.2d 97, 110 (N.J. 1960) (explaining that the right of indemnity "is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he

9

himself is only secondarily liable")).

The same holds true for ICSOP's derivative claim against Scibal. First, Scibal was not contractually obligated to ICSOP to conduct itself in any particular way with ICSOP. Second, there are no claims by the County against Scibal or ICSOP for the same negligence that would cause them to potentially be joint tortfeasors. Third, there are no claims that would cause ICSOP to become responsible for Scibal's wrongdoings that would require Scibal to indemnify ICSOP. Even if it is found that the County did not breach the ICSOP policy, there is no legal basis to hold Scibal responsible for paying what ICSOP owes to the County under that policy.

ICSOP argues that the resolution of Scibal's motion now is premature because the Court has previously intimated that there might be a special relationship between ICSOP and Scibal, and discovery is necessary to sort out all the duties and relationships between the parties. It also argues that a finding in Scibal's favor on this motion will effectively resolve ICSOP's claim against the County in ICSOP's favor, contrary to the interest of the County, which is not involved in the briefing of Scibal's motion.

Neither of these arguments constrains the Court from issuing a decision on Scibal's motion. Relatively early in this case, in December 2009, the Court noted,

> Despite evidence already in the record concerning the
> County's failure to notify ICSOP directly of the Anderson

10

> claim, and the apparent prejudice ICSOP suffered as a
> result, the obligations and duties of primary and excess
> insurers (or first-level excess and second-level excess
> insurers) show that there may be more to this case than
> the County's failure to comply with the duty under the
> excess insurance policy to notify ICSOP of the Anderson
> lawsuit. Moreover, the record is incomplete with regard
> to Scibal's communications with representatives of the
> relevant carriers and the relationship between these
> entities. This discovery is important before any final
> determinations may be made about what agency
> relationships may have existed; what duties were created
> as a result; and who may be responsible for any
> obligations breached.

(Docket No. 194 at 12-13.)

Since that time, the case has progressed, Opinions have been issued, and discovery has been conducted. No evidence has been presented here, however, to show that ICSOP and Scibal have any sort of relationship to cause Scibal to be liable for claims between ICSOP and the other parties to the case. Just because the Court declined to grant summary judgment over two years ago for one reason does not preclude the Court from granting summary judgment now for another reason.

Additionally, the dismissal of ICSOP's claim against Scibal does not resolve ICSOP's claim against the County or the County's claim against Scibal. Whether it is found that the County breached the ICSOP policy and ICSOP does not have to provide coverage to the County, or that the County did not breach the ICSOP policy and ICSOP must provide coverage to the County, the County may still maintain its claim against Scibal that Scibal breached the PSA.

To the extent that the County claims that Scibal had a special

relationship with ICSOP that would prove proper notice of the Anderson lawsuit to ICSOP,[2] the County may present evidence of such a relationship and explain how that evidence supports its position relative to the ICSOP and Scibal claims.  The Court will consider such evidence in that context at that time.  However, when addressing the instant summary judgment motion filed by Scibal solely on ICSOP's claim against it, no evidence has been produced to suggest the viability of ICSOP's claim against Scibal.

    Consequently, summary judgment must be entered in Scibal's favor on ICSOP's claim against it.  An appropriate Order will be entered.


Date: June 14, 2012                                s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[2] The County filed a letter with the Court regarding Scibal's motion for summary judgment, and stated that it takes no position on Scibal's motion, other than to disagree with the factual representations and arguments asserted in the motions as they relate to the County.  (See Docket No. 425.)

12