IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, Plaintiff, v. | CIV. NO. 08-5128(NLH)(AMD) |
| THE COUNTY OF CAMDEN, Defendants. | OPINION |
| THE COUNTY OF CAMDEN, Counterclaimant and Third-Party Plaintiff, v. | |
| STATE NATIONAL INSURANCE COMPANY, Counterclaim-Defendant and | |
| NICHOLAS M. ANDERSON, Third-Party Defendant, and | |
| SCIBAL ASSOCIATES, INC., Third-Party Defendant and Third-Party Counterclaimant. | |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Intervening Plaintiff, v. | |
| THE COUNTY OF CAMDEN and SCIBAL ASSOCIATES, Defendants. | |

**APPEARANCES:**

ROBERT J. MORROW
HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166

```
WALTER J. ANDREWS
MICHAEL S. LEVINE
HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VA 22102

     On behalf of State National Insurance Company

WILLIAM M. TAMBUSSI
JOSEPH T. CARNEY
WILLIAM F. COOK
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108

     On behalf of the County of Camden
```

**HILLMAN**, District Judge

This matter concerns which entity is liable to pay for a multi-million dollar state court jury verdict in favor of a plaintiff who sued the County of Camden, New Jersey for injuries he sustained when he drove off the road and into a guardrail owned and maintained by the County.  Presently before the Court is the issue of which party must first produce its expert reports.  The parties have agreed that the order of expert disclosure should follow the burden of proof, with the party bearing the burden on a claim to first disclose its witnesses offering opinion testimony, followed by the non-burdened party's disclosure of its opinion witnesses. The parties have also agreed as to which party has the burden of proof on all claims, except for the determination as to whether the County provided an adequate defense and investigation of the

underlying Anderson litigation.  This issue is a dispositive factor in whether the State National insurance policy with the County is implicated.

The State National Policy provides $10 million in coverage over a $300,000 self-insured retention.  The State National Policy states:

> We [State National] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We [State National] will have the right and duty to defend any "suit" seeking those damages.

The Self-Insured Retention Endorsement ("SIR Endorsement") states, in relevant part:

> 1. In consideration of the premium charged and as a condition to the issuance and continuation of the Policy, it is agreed that the NAMED INSURED shall retain, as a self-insured retention, per occurrence and as respects combined insured damages and insured allocated costs and expenses of investigation, defense, negotiation and settlement applicable to such damages, the sum of [$300,000.00].  The company's limit of liability, as stated elsewhere in the Policy, shall apply solely in excess of the NAMED INSURED'S self-insured retention.  Allocated costs and expenses of investigation, defense, negotiation and settlement shall not include any costs or expenses of any:
>
> A. claims management or service company of any INSURED, or
> B. wages or salaries of any employee of any INSURED, or
> C. operating expenses of any INSURED.
>
> * * *
>
> 4. In the event of any occurrence which, in

3

the opinion of any INSURED, is  likely  to give  rise  to  liability  under  this Policy, no costs or expenses, other than for immediate first aid to others, shall be incurred by any INSURED, except at his or her own cost, peril and expense, without the written consent of the company.  The NAMED INSURED shall be obligated to

A.  provide  an  adequate  defense  and investigation  of  any  action  for  or  notice of  any  actual,  potential  or  alleged  damages, and
B. accept any reasonable offer or settlement within the NAMED INSURED'S self-insured retention,

and, in the event of any NAMED INSURED'S failure to comply  with  any  part  of  this paragraph,  the  company  shall  not  be  liable for any damages or costs or expenses resulting from any such occurrence.

5. The  company  may,  at  its  sole  option,  pay,  as damages, costs  and  expenses,  any  part  or all  of  the  NAMED  INSURED'S  self-insured  retention in order to effect settlement of  any  and  all actions  against  any  INSURED and, upon notice  to any NAMED INSURED of the company having done so, the  NAMED  INSURED  shall, within  ten  (10)  calendar days  of  sending  of  such  notice,  fully  reimburse the company.

State National argues that it is the County's burden to demonstrate that as a condition precedent to coverage it met its obligation to provide an adequate defense and investigation.  In contrast, the County argues that it is State National's burden to demonstrate that the County did not provide an adequate defense and investigation because that condition is a policy exclusion.

After a careful examination of what we consider a close question, the Court finds that the adequate defense and

investigation provision in the SIR Endorsement is a condition precedent to coverage, and the County has the burden of proving that it fulfilled that condition.

Insurance contracts often contain two typical provisions--conditions to coverage and exclusions to coverage.  In general, a condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or contractual duty arises.  13 Williston on Contracts § 38:7 (4th ed.).  An exclusion in a policy of insurance is a limitation of liability or a carving out of certain types of loss to which the coverage or protection of the policy does not apply.  13 Williston on Contracts § 49:111.

Even though insurance contracts are contracts of adhesion, and "the entire burden of proof . . . usually rests on one party, namely, the insurer," Griggs v. Bertram, 443 A.2d 163, 173 (N.J. 1982) (citations omitted), it is well-settled that the insured bears the burden of establishing that a claim lies within the policy's scope of coverage, Shaler ex rel. Shaler v. Toms River Obstetrics & Gynecology Associates, 893 A.2d 53, 60 (N.J. Super. App. Div. 2006) (citation omitted).  That principle is contrasted, however, with the understanding that insurance policies should be construed liberally in the insured's favor so that coverage is afforded to the full extent that any fair interpretation will allow.  Longobardi v. Chubb Ins. Co. of New Jersey, 582 A.2d 1257, 1260 (N.J. 1990) (citations omitted).

Thus, to determine whether an insured has complied with a condition to coverage or whether an insured's claim for coverage is excluded from the policy, the burdens of proof are assigned depending on which type of provision is at issue. Where a condition to coverage is implicated, the burden of proving that the insured complied with a condition precedent is on the insured. See, e.g., Griggs, 443 A.2d at 169 ("Obviously the insured must avoid independent action which will contravene any of the essential terms of the policy; compliance with such provisions is a condition precedent to recovery under the policy and their breach can cause a forfeiture of coverage."). In contrast, the burden of proving that an exclusion to coverage applies rests with the insurer. See Princeton Ins. Co. v. Chunmuang, 698 A.2d 9, 16-17 (N.J. 1997) ("[I]nsurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion.").

Here, in order for the policy to afford coverage to the County, the County must, in relevant part: (1) pay the policy premium, and (2) retain a $300,000.00 self-insured retention. Under the SIR Endorsement, the County "shall" also "be obligated to," in the event of any occurrence that is likely to give rise to liability under the policy, (3) provide "an adequate defense and investigation of any action." Because this provision is clearly "an act of a party that must be performed . . . before a contractual right accrues," rather than a "carving out of certain

types of loss to which the . . . protection of the policy does not apply," the adequate defense and investigation provision in the SIR Endorsement must be considered a condition precedent to coverage.  Because it is a condition to coverage, the County bears the burden of proving its compliance with that provision.

In arguing that the adequate defense and investigation provision in the SIR Endorsement must be considered a policy exclusion, the County contends that to find otherwise would require it to prove a negative fact--that is, that the County did not fail to provide an adequate defense.  The County argues that the New Jersey Supreme Court is loath to place the burden on an insured to prove a negative fact.  See Carter-Wallace, Inc. v. Admiral Ins. Co., 712 A.2d 1116, 1126 (N.J. 1998) (explaining the court's "inherent reluctance to place the burden of proving a negative fact on a litigant").

Although this Court understands the County's point of view-- that the provision requires it to prove that it did not *not* provide an adequate defense and investigation--placing the burden of proof onto the County in this way is not the kind of "negative fact" disfavored by the New Jersey Supreme Court.  For instance, in Carter-Wallace, the policy provided coverage for an "occurrence," defined as "an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period."  Carter-Wallace,

7

712 A.2d at 1126.  The court interpreted that provision to be a
policy exclusion, because to require "an insured to prove a
negative fact--that it did not intend or expect environmental
damage--in this context" would be highly impractical since "the
insured's incentive consists of little more than a motivation to
present general testimony that it had no expectation that its
activities would result in property damage."  Id.

     In this case, the adequate defense and investigation provision
does not require the County to generally opine on the adequacy of
its abilities to defend and investigate all law suits against it
in order to meet the condition for coverage.  Instead, the policy
requires that the County demonstrate that in handling the Anderson
lawsuit, it took certain steps and made certain decisions, and
that conduct was "adequate."[1]  The showing of that adequacy in this
context does not require the County to prove a negative fact, but
to require the County to simply prove relevant facts limited in
scope and time.[2]

─────────────────

     [1]Relatedly, even if the County can prove that its in-house
counsel did not commit legal malpractice, it still must prove
that its defense and investigation, although not considered
malpractice, were adequate.  Stated differently, the condition
precedent still applies even if the elements of legal malpractice
cannot be met.

     [2]The general principle that it is more difficult to prove a
negative is actually a misnomer.  For example, in a criminal
prosecution of a bank robbery it should not be more difficult for
the prosecution to prove the defendant committed the crime based
on eyewitnesses and surveillance tape than it would be for the
defendant, if he chose to, to prove that he was in another state
during the precise hour of the robbery.  Presumably since he was

The County also suggests that the adequate defense and investigation provision in the SIR Endorsement is essentially an exclusion cloaked in a condition precedent's clothing.  The County argues that because the language "In consideration of the premium charged and as a condition to the issuance and continuation of the Policy," is contained in paragraph 1 of the SIR Endorsement, but not in paragraph 4, which contains the adequate defense and investigation provision, paragraph 4 cannot be considered a condition.  Viewing it in a different way, the County also argues that the placement of the adequate defense and investigation provision in the SIR Endorsement, if the entire SIR Endorsement provision were to constitute a condition precedent, cannot hide

---

somewhere at that point in time, "I was not there" - a negative - is not more difficult to prove than "It's him."  Similarly in a civil action for negligence arising out of a car accident, both sides would seem to have an equal chance to prove that the light was green, or the opposing negative, that the light was red when the defendant's car drove through and struck the plaintiff.  As one commentator has noted, the real difficulty is not proving a negative but being asked to prove a "universal" when your adversary must merely prove an "existential." See Kevin W. Saunders, *The Mythic Difficulty in Proving a Negative*, 15 Seton Hall L. Rev. 276 (1984-1985).  For example, putting aside the 5th Amendment for a moment, it would not be fair to compel the defendant to prove he had never robbed a bank ever in his life - e.g., "I have never been a bank robber."  That "universal" couched in the language of a negative would require a searching inquiry and endless proofs.  On the other hand, there is no unfairness in asking the plaintiff in the civil case described above to prove the negative of the defense of a green light - that is, the "existential" of the light being red.  Here, the County is not being compelled to prove a negative as much as it is being asked to prove the polar opposite of the existential at issue - was an adequate defense provided.  This is nowhere more evident than in that fact that both parties are able in their briefs to fashion their burden in negative language.

what it truly is--an exclusion.

This Court recognizes that Carter-Wallace and other cases make it clear that the placement of an insurance contract provision in a policy cannot mask its inherent nature.  See, e.g., Carter-Wallace, Inc. v. Admiral Ins. Co., 712 A.2d 1116, 1126 (N.J. 1998) (citing cases) ("We agree that exclusions do not shed their essential character when they are moved from one section of a policy and are crafted as part of that policy's grant of coverage.").  The plain and ordinary meaning of the SIR Endorsement provision, however, shows that the essential character of the adequate defense and investigation provision is the insured's demonstration that it complied with that provision as a condition to coverage, as opposed to the insurer's burden to prove that the insured's conduct excludes it from coverage.  Absent compelling circumstances demonstrating a different intent or meaning, the plain language should control.  See President v. Jenkins, 853 A.2d 247, 254 (N.J. 2004) ("If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased.").

One final concern on this burden of proof issue is which party is in the best position to provide evidence concerning the adequacy of the County's defense and indemnification.  As mentioned above, typically the insurer has the burden of proof on all issues, but particularly when enforcing a policy exclusion. But even in instances where the insurer usually has the burden of

10

proof, courts have imposed the burden of producing evidence onto the insured instead of the insurer in instances where the insured "is far more likely to know, or have superior access to, facts relevant to" the dispositive coverage issue.  See, e.g. Diebold, 719 F. Supp. 2d 451, 465 (D.N.J. 2010) (explaining that the insurer would not have nearly the same access to relevant information as the insured, who had the knowledge of its losses when its ATM machines were compromised by its subcontractor hired to service the machines); Griggs, 443 A.2d at 173 (finding that even though the insurer failed in its duty promptly to notify its insured that it would not provide a defense because the claim was not covered under the policy, and that delay caused the insured to independently defend and settle the case without any involvement by the insured, the burden of producing evidence must be placed upon the insured because it had control of the case and the opportunity for discovery as to all essential information).

In this case, not only does the County have the burden of proof with regard to its compliance with the condition precedent, even if the adequate defense and investigation provision were considered an exclusion, the County would be in the superior position to provide evidence of its defense and investigation of the Anderson matter.  It is undisputed that State National was not notified of the Anderson lawsuit until after the close of discovery and the trial was scheduled.  Thus, the County possesses the bulk of information regarding its conduct in the investigation

and defense of the matter.  Although during discovery in this case State National presumably has received from the County all the relevant documents concerning the Anderson matter, and has taken testimony from all relevant County witnesses who have knowledge of the Anderson case, the County's exclusive control over the case for such a long period tips the burden of proof on the adequate defense and investigation provision onto the County.

Accordingly, for the foregoing reasons, the adequate defense and investigation provision in the SIR Endorsement is a condition precedent to coverage, and as such, the burden of proof is on the County to prove its fulfillment of that condition.  An appropriate Order will be entered.


Date: December 19, 2012                        s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.